UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SONGA KATANGA,<br><br>            Petitioner,<br><br>v.<br><br>ALICIA CARVER, Warden,<br><br>            Respondent. | Case No. 1:26-CV-00070-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Songa Katanga filed a Petition for Writ of Habeas Corpus challenging his state court convictions and sentences. Dkt. 4.  Having reviewed the Petition and the other filings, the Court enters the following Order.

### STANDARD OF LAW FOR REVIEW OF PETITION

To bring a cognizable habeas corpus claim in federal court, a petitioner must allege that he is held in custody under a state court judgment that violates the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

INITIAL REVIEW ORDER - 1

Before a habeas petitioner may present an issue for federal court review, he must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner. If a petitioner fails to properly exhaust his state court remedies, then his federal claims are deemed "procedurally defaulted," and the federal court is not authorized to adjudicate the merits of claims unless the petitioner shows cause and prejudice or actual innocence.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations for federal habeas corpus actions. Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is triggered by one of four events, two of which may be applicable here:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The one-year statute of limitation is tolled for "all of the time during

INITIAL REVIEW ORDER - 2

which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (overruled as to gaps in time between California state habeas filings by *Carey v. Saffold,* 536 U.S. 214, 225 (2002) (citation and internal quotation marks omitted)).

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). Actual innocence is an exception to the statute of limitations.

## BACKGROUND

After a jury trial in Ada County, Idaho, Petitioner was convicted of lewd conduct and sexual abuse of a minor. Dkt. 4 at 1; Ada County District Court Case No. CR01-18-56392.[1] He pursued a Rule 35 motion for reduction of sentences, which was unsuccessful. *See State v. Katanga*, No. 49536, 2023 WL 1168559 (Idaho Ct. App. Jan. 31, 2023) (unpubl). He pursued a post-conviction action asserting that his trial counsel was ineffective for failing to file an appeal; he was granted relief, and an amended judgment in his criminal case was entered on February 28, 2022, so that he could file a direct appeal.

---

[1] *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (search: Katanga, Songa)(accessed 4/1/2026).

INITIAL REVIEW ORDER - 3

Dkt. 4 at 4; Ada County District Court Case No. CV01-21-03923.[2] Petitioner filed an unsuccessful appeal challenging his sentences as excessive.

**REVIEW OF PETITION**

Here, Petitioner asserts a claim that newly-discovered evidence of an audio-recorded conversation between the victim and another person proves that Petitioner is actually innocent. Claims of actual innocence do not state a ground for federal habeas relief unless paired with a constitutional violation occurring in the underlying state criminal proceeding. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id*.

Evidence of actual innocence can serve only as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. 404. *See also Schlup v. Delo*, 513 U.S. 298, 327–328 (1995) (establishing appropriate use of evidence of actual innocence in a federal habeas proceeding). Thus, a petitioner relying on evidence of actual innocence must establish constitutional error in his trial that "has probably resulted in the conviction of one who is actually innocent," and that, "in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citations omitted).

For example, Petitioner might allege a constitutional claim based on the audio-

---

[2] *See id*.; https://preview.icourt.idaho.gov/case/CR01-18-56392/county/Ada (search: Katanga, Songa)(accessed 4/1/2026).

recorded facts establishing actual innocence, such as a Sixth Amendment ineffective assistance of trial counsel claim for failure to perform a proper investigation to uncover the victim's statements (if facts exist showing this could have been discovered prior to trial). Or, as Petitioner asserts in one of his motions (Dkt 1), he may desire to frame the facts as a Fifth or Fourteenth Amendment due process claim based upon the State's alleged presentation of false testimony of the victim. How he decides to frame his facts within a constitutional claim is up to him. This Order should not be construed as an opinion that any claim framed in any particular way would be successful, either in state or federal court.

Petitioner faces several procedural hurdles if he attempts to bring such a claim on federal habeas corpus review. The first hurdle is that his claims may be barred by the federal statute of limitations.

The Idaho Court of Appeals issued an opinion in Petitioner's appeal, affirming his sentences, on January 31, 2023. The Idaho Supreme Court denied his petition for review on February 21, 2023,[3] which may mean the latest Petitioner could have filed a federal petition arising from the state court judgment is February 21, 2024. *See* 28 U.S.C. § 2244(d)(1). But, if Petitioner is able to show that the statute of limitations should instead begin at a later date when he discovered the factual predicate of the claim, he may be able to show his claim is timely.

Second, Petitioner did not first exhaust his claims in the state court system. As noted above, he must complete one complete round of state court proceedings, beginning in the

---

[3] *See ibid.*

INITIAL REVIEW ORDER - 5

state district court and ending in the Idaho Supreme Court. Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Three, as stated above, Petitioner must frame his "actual innocence/new evidence" claims as a federal constitutional claim. Although actual innocence is a gateway issue that can open the door for late and unexhausted claims to be heard on federal habeas review, it is not a claim itself, and the facts must be brought as federal constitutional claim, and not as a stand-alone actual innocence claim.

Petitioner may desire to return to state court to attempt to bring this claim in a second or successive post-conviction petition or seek out some other type of state remedy, if any remains open. His filing entitled, "Application for Leave to File Second or Successive Petition" (Dkt. 1), may have been intended for the state court, because the current Petition appears to be Petitioner's first federal habeas corpus action.

Petitioner will be given a deadline to determine his next step in this action and notify the Court by filing a motion to stay, an amended petition with or without a motion to stay, or a notice of voluntary dismissal. If Petitioner files an amended federal habeas petition, it must be intended to completely replace the prior petition and it should contain all of his claims, exhausted and unexhausted. If he attempts to proceed here, he must provide detailed facts about his actual innocence claim. It currently is too vague to support an argument that failure to exhaust and failure to meet the statute of limitations should be excused. Because of the strict habeas corpus procedural rules, it is nearly always best to

INITIAL REVIEW ORDER - 6

attempt to present one's claims to the Idaho courts first. This case can be stayed upon request of Petitioner while he attempts to exhaust his new evidence claim.

Because Petitioner has stated no cognizable federal claim upon which he can proceed in federal court, many of Petitioner's accompanying motions will be denied without prejudice as moot.

## ORDER

**IT IS ORDERED:**

1. Plaintiff cannot proceed. Within 30 days after entry of this Order, Plaintiff may file a motion to stay, an amended petition with or without a motion to stay, or a notice of voluntary dismissal.

2. Petitioner's Motion for Leave to Proceed in Forma Pauperis (Dkt. 2) is GRANTED.

3. Petitioner's Application for Leave to File Second or Successive Petition (Dkt. 1) is DENIED as MOOT, because this is his first federal petition.

4. Petitioner's Motion for Appointment of Counsel (Dkt. 5) is DENIED as MOOT.

5. Petitioner's Motion for an Evidentiary Hearing (Dkt. 6) is DENIED as MOOT.

6. Petitioner's Emergency Motion to Expedite (Dkt. 7) is DENIED as MOOT.

7. Petitioner's Notice of Respondent's Failure to File a Response by Court Ordered Deadline (Dkt. 11) is DENIED. The Respondent has not been ordered to respond.

8. Petitioner's Motion to Rule on Pending Motions (Dkt. 12) is GRANTED to the extent that this Order has been issued.

9. Petitioner's wife call to inform the Court that Mr. Katanga had been moved to Arizona. He must update his address within 30 days.

10. The Clerk of Court shall also mail a copy of this Order to Mr. Katanga at an alternative address of Central Arizona Florence Correctional Complex, 1155 North Pinal Parkway, Florence, Arizona 85132, as shown on the IDOC website.

DATED: April 2, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER - 8